UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20- 01212 |
| | ) |
| $84,000.00 IN UNITED STATES | ) |
| CURRENCY, More or less, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister,

United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States

Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2)

of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.     This is an action to forfeit and condemn to the use and benefit of the United States

of America the following property: $84,000.00 in U.S. Currency, more or less (hereinafter

"defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2.     The defendant property consists of: $84,000.00 in United States currency, more or

less, that was seized by the Kansas Highway Patrol on or about May 16, 2020 during a traffic

investigation of a 2019 Dodge Ram driven by Fredicos Snow on I-70 at milepost 222 in

Ellsworth County, in the District of Kansas.   The currency is currently in the custody of the

United States Marshal Service.

## JURISDICTION AND VENUE

3.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the

defendant property.   This Court has jurisdiction over an action commenced by the United States

under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4.      This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C.

1355(b).   Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant

*in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property

pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the

acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28

U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6.      The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6)

because it constitutes 1) money, negotiable instruments, securities and other things of value

furnished or intended to be furnished in exchange for a controlled substance in violation of the

Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money,

negotiable instruments, and securities used or intended to be used to facilitate a violation of the

Controlled Substances Act.

7.      Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed*

*facts to support a reasonable belief that the government will be able to meet its burden of proof*

*at trial.*   Such facts and circumstances supporting the seizure and forfeiture of the defendant

property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the

defendant property; that notice of this action be given to all persons who reasonably appear to be

potential claimants of interests in the properties; that the defendant property be forfeited and

condemned to the United States of America; that the plaintiff be awarded its costs and

disbursements in this action; and for such other and further relief as this Court deems proper and

just.

The United States hereby requests that trial of the above-entitled matter be held in the

City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

COLIN D. WOOD, #19800
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316)269-6484

3

## **DECLARATION**

I, Shawn Herrman, Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30 day of June , 2020.

TFO Shawn Herrman
DEA

4

## AFFIDAVIT

I, Shawn Herrman, being first duly sworn, depose and states:

1. TFO Herrman has been employed with the Kansas Highway Patrol (KHP) since January 2012, and has been cross-designated as a DEA Task Force Officer since June 2017. My duties include investigation of violations of the Controlled Substance Act, Title 21 of the United States Code and forfeitures thereto.

2. The information contained in this report is known to Affiant through personal direct knowledge, and/or through a review of official reports prepared by other law enforcement personnel. This report is submitted in support of federal forfeiture.

3. On May 16, 2020, Kansas Highway Patrol Technical Trooper Justin Rohr stopped for a traffic violation a rented 2019 Dodge Ram on westbound I-70 near milepost 222 in Ellsworth County, in the District of Kansas. The driver was Fredicos SNOW, the lone passenger was Muntaser ABDULLAH. Trooper Rohr learned that the occupants had met in Atlanta, Georgia and were traveling to Los Angeles for a week. The rental agreement stated that the car was due back in Georgia on May 18.

4. A certified narcotics canine gave a positive indication to the odor of controlled substances coming from the vehicle and the vehicle was searched. Officers located inside of a white plastic bag inside of a red backpack $34,000.00 in U.S. currency. An additional $50,000.00 U.S. currency was located in a floor compartment behind the driver's seat under the floor mat. Two containers with green vegetation field-tested positive for marijuana.

5. Both SNOW and ABDULLAH have criminal histories involving trafficking controlled substances. Prior to locating the currency, ABDULLAH had told officers that the vehicle did not contain drugs or large amounts of currency. After locating the currency, ABDULLAH then told officers that he thought that the vehicle contained about $46,000.00.

6. Later, at another location, a certified drug detection canine gave a positive indication to the odor of controlled substances emitting from the $34,000.00 and from the $50,000.00.

7. Based on the information set out above, the Affiant has probable cause to believe that the $84,000.00 in U.S. currency seized by the Kansas Highway Patrol constitutes money, or other things of value furnished, or intended to be furnished, in exchange for a controlled substance or proceeds traceable to such an exchange, or was used, or intended to be used, to facilitate one or more violations of Title 21, U.S.C. § 841 et.seq. Accordingly, the property is subject to forfeiture pursuant to Title 21, U.S.C. §§ 853 and 881.

Shawn Herrman, TFO
DEA


Subscribed to and sworn before me this __30th__ day of June, 2020.


Notary Public

DAWN M. VONLINTEL
Notary Public - State of Kansas
My Appt. Expires Oct. 22, 2020